Good morning, Your Honors. Paul Mills, Counsel for the Appellant and Plaintiff Carolyn Jones. The Plaintiff and Appellant asks the Court to reverse the judgment against her in the case after entering partial summary judgment in favor of the Plaintiff. In this case, the 50-year-old Plaintiff, who had been a schoolteacher in the Santa Monica area for 10 years without any prior contacts with the police... Was she a schoolteacher or a school assistant? Thank you, Your Honor. A school assistant. Had worked in the schools as a schoolteacher's assistant, was arrested and jailed for approximately 72 hours. During that period, she was not brought before a magistrate. Instead, the only probable cause determination that was made was on the basis of an affidavit identifying attached reports. We don't know what they were, not signed under oath, signed by an officer who had no personal knowledge of any of the facts of the case or of the investigation. So, Counsel, as I understand your argument, you are asserting a constitutional violation because your client was not personally brought before a magistrate for a probable cause hearing? Yes, in part. Okay. And now, what case authority are you relying upon to support your position that a face-to-face probable cause hearing is required under the Constitution? Well, it's a two-step process. The first step is... Well, will you tell me what case authority you're relying upon for this? ...Gerstin v. Pugh, Riverside v. McLaughlin, which refer to decisions by the State, and as to the State decisions, I am relying on principally People v. Clark. Okay. Could you tell me the language specifically in those cases that require a face-to-face probable cause determination? Could you give me the page and the language that requires a face-to-face probable cause determination? Yes, Your Honor. I would refer the Court in People v. Clark, which is the California Supreme Court decision at 596, in which the — I can't quote the language verbatim, but the Court holds that the reason the convicted defendant's appeal of the judgment against him failed is because, in compliance with Gerstin and Riverside, the defendant had been, quote, brought before a magistrate, unquote. Okay, Counsel, this was a Section 1983 action, correct? Yes, Your Honor. And so under a Section 1983 action, you have to show a deprivation of a federal right? Yes, Your Honor. And so you're citing a State case as the basis for that federal right? Yes, Your Honor, I am, in reliance on both Riverside and Gerstin, in which the Supreme Court directs the States to make their own selection as to what protections will be available at the probable cause determination. But that direction then doesn't make the State law adopted one of federal constitutional dimension, automatically. I mean, I had the same problem as I think the presiding judge had with some of the contents of your brief. I came to the conclusion that you were really trying to argue a violation of California State law as a basis for 1983 relief, as opposed to a violation of the federal Constitution. I understand. Gerstin and Riverside both reiterate that there are constitutional rights, constitutional protections, and the specifics of them are to be decided by the States. But I still don't see where that filters down to a requirement for a face-to-face probable cause determination. I'm still waiting for that language. Well, then I would refer the Court to Dant v. Superior Court, in which the Court held that the defendant, a person arrested for a crime had the right to be promptly taken before a magistrate, quote, under our present constitutional and statutory scheme. California. Yes, but citing to County of Riverside v. McLaughlin and Gerstin v. Pew. Okay. I understand your argument on this. Is there another argument that you are basing your federal claim upon? Yes, Your Honor. We also are basing our federal claim on the failure to provide an affidavit which satisfies federal standards for a probable cause determination affidavit. And we've cited to U.S. Supreme Court federal authorities, cited to, in turn, by State Court authorities on this issue. In this case, the probable cause determination affidavit was not under oath and didn't cite facts personally known to the declarant. Do we know really what was in it? There was testimony to this effect, but we don't have the testimony. We have the exhibit. It's attached to our excerpts of record. It was an exhibit at trial. We have the preprinted form. It refers to attached reports, but, of course, the attached reports aren't under oath, and the person who prepared the what I would call a reader's had no basis for personal knowledge as to whether the attached reports were truthful or accurate. But, in fact, the city admitted that they really didn't know what reports had been attached to the declaration. But regardless of what reports were attached, they weren't under oath. The only document that was under oath asserted no facts and was prepared by the one who was competent to make such a declaration. The one that was under oath, I think that was Keene, was it? That's correct. And she signed the thing, what, at the bottom of the preprinted form? Yes. Which gives you no oath. That's right. Without stating any facts and without even stating what charges were supported by the reports. Just simply saying there's probable cause. If there are no, yes. Did she rely on the report of her officer? I'm sorry, did she or could she? I'm sorry, Your Honor. I mean, Hearsay isn't necessarily excluded from a probable cause hearing, and I'm wondering whether she has, she would be able to report what her officer reported to her. You mean double Hearsay then? Or, I see. Well, it's Hearsay. I don't know if it's double. Well, I think that she would be permitted if she stated what facts she was relying on. If, for example, an officer had stated in the officer's report that the arrestee had confessed to the crime spontaneously and stated that in the report, and then in the declaration under oath, Officer Keene had stated because the arrestee confessed to the crime to the officer who arrested her and other facts, there is probable cause to maintain the arrestee in custody on a charge of, you know, the crime that the arrestee had confessed to. But no specific facts are alluded to. So there's actually a declaration to no specific facts under oath at all. If the, I believe you're right that if the declaration under oath had alluded to such facts, the fact that the allusion was based on Hearsay would not be a bar. If there are no further questions, I don't know, do I have any time remaining for applause? Okay. We'll give you a minute for everybody. All right. Thank you. May it please the Court, my name is Anthony Sartella. I'm Deputy to the Attorney for Santa Monica. And I think that the problem with the appeal here is that the Court has no record whatsoever of what evidence was actually adduced at the trial. There is in the portion of the final hearing on the Rule 50 motion, which was made at the conclusion of all the evidence, the appellant has included a copy of that transcript. And this is in the appellant's excerpts at page 121. The evidence that was presented at trial included testimony from Sergeant Keene, which was not part of the evidence that was submitted in the summary judgment motion. When I prepared the summary judgment motion, Sergeant Keene was unavailable and I therefore submitted no declaration on her behalf. At the time when the Court issued its ruling on the summary judgment motion, the Court, and this again is at the appellant's excerpts at page 65. This is Judge Ray's tentative ruling, which was adopted as the summary judgment order, that the Court was unable to determine what exactly was attacked. When Sergeant Keene testified at the trial, however, she testified that, of course, the Court doesn't have the record in front of it, but from the comments that were made in the Rule 50 motion, you can glean that she testified what procedure she followed, that she in fact took all of the reports that had been prepared by Officer Oshiro. She attached them to the probable cause cover form. She did state on the cover of that form what the charges were. There's two penal code references that are made on that cover form. She declared under penalty of perjury that those reports were true and correct, and she also testified that she had received from Officer Oshiro a verbal summary of what he had dictated on a tape recording, and that she put that tape recording along with all the other reports as well as her probable cause declaration submitted those to a typing pool so that the typing pool in the morning would return all that material with the typewritten narrative of what Officer Oshiro had found to the Superior Court. That was done, and the evidence shows that, and again, this is an exhibit that was not presented in the summary judgment motion, but there's an exhibit which was attached which shows that it was at trial exhibit number 125, which is at the appellee's supplemental excerpts at page 166, is a PCD log which shows when it was received at the Superior Court in Santa Monica and when it was actually signed and when it was returned to the Santa Monica Police Department, and all that was done well within the 48-hour time. Now, from the court's earlier questioning of counsel, it's clear that what appellant is trying to do here is to convert what she believes is some type of state right into a federal right, and I don't think that she's successfully done that either on the record or on the law. The N. Ray Walters case, which is the California Supreme Court decision which is cited by appellant as providing the essential law in California, states that it is anticipated that a judge in reviewing a probable cause determination will simply read reports. The Gerstein case makes it very clear that a suspect who's arrested does not have the full panoply of adversarial rights in a probable cause determination, and that's done on the summary met. Kennedy. That seems to be the question. When they say that you're not entitled to an adversary hearing, does that mean you're not entitled to be there? I think that's exactly what it means. And in California, the California Supreme Court, in footnotes 7 and 9 of the Walters decision, points out that they have a procedure that they are recommending to the trial courts. But they also note in the footnote that this is a flexible procedure and that local practices may differ. In Los Angeles County, the practice that was followed by my clients, the appellees here, was the practice that they used, which was to submit the reports with the Los Angeles County Superior Court form, which they signed, return it to the court, have the court make a probable cause determination within the 48-hour period. In this case, the probable cause determination was made well within that 48-hour time period. Some jurisdictions apparently have chosen to combine it with the arraignment, and then you do get a personal appearance just because you're being arraigned. That may very well be. The cases that are the counsel cited when he was asked by Judge Rawlings, and I believe what specific cases he's relying on that establish a right to a personal appearance are not even on point. People v. Clark was a case involving a delay in bringing a person who was arrested on a warrant back to court. And that's because there's specific statutory requirement when a person is arrested pursuant to a warrant to return the person to the judge who issued the warrant or the court where the warrant was issued. Now, we're talking about whether or not there's probable cause, right? Whether or not the suspect's right to a 48-hour probable cause determination has been satisfied. And I think that's the issue that was raised by the appellant in this lawsuit that's on this appeal. Well, help me a little bit then. Is there a difference in the standard used to judge probable cause when an officer applies for a warrant versus whether or not there is probable cause to detain someone who's been arrested without a warrant? No, I don't think so. Probable cause is, of course, probable cause. However, the difference between the obtaining of a warrant in advance is that two things happen. One is that the court issues its imprimatur on the rest in advance. And secondly, assuming that the representations made in the affidavit in support of the warrant were true and there were no material errors or misrepresentations, the officer's entitled to absolute immunity for the arrest that follows on the issuance of the warrant. I thought I heard the argument made by your opponent this morning that these papers presented to the magistrate here, or the judge, didn't show probable cause. Well, he hasn't. He hasn't. That's what he said, but he hasn't shown that. He presents no record whatsoever from which this Court could make that determination. Unlike what we had with Judge Ray. Judge Ray heard two days of evidence. He heard not only the officers, all of the officers who were on the scene, the officers who wrote the report. He heard the evidence from the victim and the victim's husband who had dealings with the police and what they told the police. And he determined two things. He determined, first of all, that there was, I believe, probable cause. And the second thing I believe he determined was that the officers were entitled to believe that probable cause existed, therefore, that they had qualified immunity. And that's another reason why this judgment should be affirmed. So even if the Court finds that there was some technical error, the fact is that not only did the officers have probable cause and believe they had probable cause under Judge Ray's ruling, but there is no California rule, there's no Federal rule which specifically holds that a probable cause determination has to be handled in the way that the appellant suggests here. And that, because there is no specific established case law which says in California, particularly in Los Angeles Superior Court, you must submit a probable cause determination in this fashion, the officers are entitled to rely on the procedure that was set forth in the probable cause determination manual, which was also a trial exhibit and which was attached to the supplemental excerpts, which they relied upon and which they followed. So the bottom line here is, I think, that the appellant has failed to establish, either through a credible record in this Court or through citation of applicable case law, that the judgment of Ray was improper. And I respectfully request that the Court affirm the judgment in all respects. Thank you, counsel. Thank you. Rebuttal? Yes. Very briefly. There certainly is a difference between the requirements for an arrest warrant and the requirements for a probable cause determination following a warrantless arrest. That is why the cases I've cited indicate that bringing the arrestee before a magistrate is California's chosen procedure under Gerstein and under Riverside to satisfy those cases' requirements of a ---- What must a magistrate who is asked to issue an arrest warrant determine from what's presented to him? Whether there's probable cause to believe that the arrestee is ---- A crime has been committed. A crime has been committed and that the subject of the warrant ---- Stopped being arrested, probably did it. Yes. Right. When a person is arrested without a warrant and presented before the committing magistrate, taken off the street, not before the magistrate, what test does the magistrate apply? Same test. I thought you just told me the tests were different. The proceeding is different. The standard is the same. And the reason that the proceeding is different is because in both of these proceedings, there is a balancing of the public's interest, the interest in public safety, and the individual's right to freedom. Obviously, you cannot bring the subject of an arrest warrant in front of the magistrate prior to his being arrested. I couldn't issue a summons. I'm sorry. I couldn't issue a summons for him, saying at 2 o'clock this afternoon, the police officer says, because at 2 o'clock this afternoon, I'm going to bring to the magistrate an application for a warrant for your arrest. Now, why wouldn't that be acceptable? That would be the equivalent of an arrest. What if he failed to appear? Summons. Yes. I appreciate that. A summons would be the equivalent of ---- Well, it would have the force and effect of an arrest because if he failed to obey the summons, then he would be subject to arrest. Well, that's his choice. Well, it's a choice of being in custody voluntarily or being arrested. The same ---- A summons doesn't affect custody at all. A summons is merely an invitation to come to court. Well, Your Honor, I believe that a summons is backed by the power of the court to enforce it as a contempt of the court if it is not obeyed. First of all, I would also like to remind the court that what we're discussing here is a warrantless arrest. Clearly, a warrantless arrest, those are circumstances in which a summons is not ---- Well, let me ---- I'm sorry, Your Honor. Let me answer your question this way. The arrest warrant is issued because the public is in danger. The subject is believed by the police to be a criminal, and that's why he or she must be brought, not by choice, into custody as soon as possible. A summons will not accomplish that end. Once the subject is in custody, that concern for immediate prompt resolution of the issue of probable cause has vanished. Now the ---- tips much more in favor of the individual's rights of freedom. And there is a reconsideration at a probable cause determination proceeding of the same issue, of the same question, was there probable cause to arrest, but in a more ---- with more protections now that the subject of the arrest is in custody. Well, then why do we not require every subject in custody, whether arrested with or without a warrant, to be brought before a magistrate? If the ---- if at the point of the arrest, the individual's rights take on some supernatural quality? Well, there is a requirement that the ---- there be a subsequent proceeding before a neutral magistrate, even after arrest with a warrant. At arraignment? Yes. I mean, if the arrest warrant procedure were sufficient to protect the rights of the arrestee, the arraignment would not have to consider the question of probable cause. Very well. Thank you. Thank you, counsel. Thank you to both counsel. The case just argued is submitted for decision by the Court. The next case on calendar for argument is Kaziris v. MLS.com.
judges: Canby, Hansen, Rawlinson